U.S. District Court

FILED
01 OCT 12 PM 12:06
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

OCT 12 2001

| | |
|---|---|
| GARY GRINBERG<br>959 South Green Road<br>Apt. 4<br>South Euclid, OH 44121<br><br>Plaintiff<br><br>vs.<br><br>COUNTY OF CUYAHOGA<br>1219 Ontario Street<br>Cleveland, OH 44114<br><br>and<br><br>CUYAHOGA COUNTY SHERIFF'S<br>DEPARTMENT<br>1215 West Third Street<br>Cleveland, OH 44113<br><br>and<br><br>FORD MOTOR COMPANY<br>c/o Its Statutory Agent<br>CT Corporation<br>1300 East Ninth Street<br>Cleveland, OH 44114<br><br>and<br><br>JOHN TREVIS<br>1215 West Third Street<br>Cleveland, OH 44113<br><br>and<br><br>JOHN DOE ONE THROUGH FIVE<br>unknown Sheriff's Deputies<br><br>Defendants | CASE NO. 1:01CV2371<br><br>JUDGE<br>**JUDGE NUGENT**<br><br>MAG. JUDGE HEMANN<br><br><br>**COMPLAINT**<br>(Jury Demand Endorsed Hereon) |

## COUNT ONE

1. Plaintiff, Gary Grinberg is a resident of the City of South Euclid, County of Cuyahoga, State of Ohio.

2. This action is brought for damages and other relief under 42 USC Section 1983 for violation of Plaintiff's civil rights under the color of state law.

3. Jurisdiction is conferred upon this Court by 28 USC Section 1331 and 28 USC Section 1343(a)(3). Venue of the action is proper under 28 USC Section 1391(b).

4. Defendant Cuyahoga County is a political subdivision of the State of Ohio and at all times relevant herein was and is the employer of Defendant, Cuyahoga County Sheriff's Department and is responsible for the activities of the Cuyahoga County Sheriff's Department.

5. At all times relevant herein, Defendants John Does One through Five are the unknown Cuyahoga County Sheriff's Deputies who are employed by Defendant Cuyahoga County Sheriff's Department and were acting within the course and scope of their employment with Cuyahoga County Sheriff's Department and were the unknown officers who arrested and transported Plaintiff, John Grinberg.

6. At all times relevant herein, Defendant John Trevis is the unknown Cuyahoga County Sheriff's Deputy who is employed by Defendant Cuyahoga County Sheriff's Department and was acting within the course and scope of his employment with Cuyahoga County Sheriff's Department.

7. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants John Does One through Five are unknown to Plaintiff, who therefore sues Defendants by such fictitious names, and will ask leave to amend his Complaint to show their true names and capacities when the same have been

ascertained. Plaintiff is informed and believes, and on such information and belief alleges, that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleges, and that the Plaintiff's injuries as herein alleged were proximately caused by the actions and/or negligence of these Defendants and said Defendants are liable to Plaintiff for his injuries.

8. Ford Motor Company at all times relevant herein is a foreign corporation in good standing licensed to conduct business in the State of Ohio on March 15, 1920 under Charter No. 90812, and has the authority to sue and be sued.

9. At all times relevant herein, Defendant Ford Motor Company engaged in and/or is responsible for the manufacture, design, assembly, distribution, testing, marketing, supplying and/or selling automobiles for eventual sale and/or resale to the general public.

10. On or about February 1, 1998, Defendants Cuyahoga County Sheriff's Deputies entered the residence of the Plaintiff, Gary Grinberg for the purpose of arresting Plaintiff.

11. While acting under the color of state law, officers of the Cuyahoga County Sheriff's Department, including Defendants John Trevis and John Does One through Five, entered Plaintiff's residence, arrested Plaintiff and while transporting Plaintiff, physically and mentally abused and assaulted Plaintiff.

12. As a direct and proximate result of Defendants Cuyahoga County Sheriff's Deputies unlawful actions, Plaintiff has suffered damages for bodily injury, for lost wages, and has incurred and will continue to incur expenses for medical and emotional care and treatment. In addition, Plaintiff has suffered as a result of the acts and conduct of the

Defendants, has suffered and continues to suffer great emotional injury, humiliation and distress.

13. Based on the foregoing and additional information, Plaintiff believes that the acts and conduct of Defendants Cuyahoga County Sheriff's Deputies have been and continue to be intentional, malicious and in wanton and reckless disregard of the rights and feelings of the Plaintiff.

## COUNT TWO

14. Plaintiff realleges and reavers the allegations set forth in paragraphs One (1) through Thirteen (13) as if fully rewritten herein.

15. On or about February 1, 1998, Defendants Cuyahoga County Sheriff's Deputies, while in the course of transporting Plaintiff, Gary Grinberg to the Justice Department, negligently and/or intentionally failed to properly secure Plaintiff in their police vehicle.

16. Through the negligent and/or intentional acts of Defendants Cuyahoga County Sheriff's Deputies, Plaintiff's rear passenger door opened and Plaintiff fell from the police vehicle at a high rate of speed causing injury to his person.

17. As a direct and proximate result of the aforementioned negligence and/or acts and/or failure to act of the Defendants, Plaintiff, Gary Grinberg, has been injured and required to seek and obtain medical care and attention, incurring expenses as a result thereof, has lost wages and has suffered great physical pain, mental anguish and emotional distress, has been unable to engage in his usual activities, and with reasonable certainty will continue to require medical care and attention, incurring expenses as a result thereof, lose wages, and suffer great physical pain, mental anguish

and emotional distress, and will continue to be unable to engage in his usual activities, all to his detriment.

### COUNT THREE

18. Plaintiff realleges and reavers the allegations set forth in paragraphs One (1) through Seventeen (17) as if fully rewritten herein.

19. On or about February 1, 1998, Defendants Cuyahoga County Sheriff's Deputies, while in the course of transporting Plaintiff, intentionally and/or negligently and/or unlawfully, and without provocation or justification sprayed the Plaintiff with mace several times while Plaintiff was handcuffed and sitting in the rear of the Defendants' police vehicle.

20. As a direct and proximate result of the aforementioned negligence and/or acts and/or failure to act of the Defendants, Plaintiff, Gary Grinberg, has been injured and required to seek and obtain medical care and attention, incurring expenses as a result thereof, has lost wages and has suffered great physical pain, mental anguish and emotional distress, has been unable to engage in his usual activities, and with reasonable certainty will continue to require medical care and attention, incurring expenses as a result thereof, lose wages, and suffer great physical pain, mental anguish and emotional distress, and will continue to be unable to engage in his usual activities, all to his detriment.

### COUNT FOUR

21. Plaintiff realleges and reavers the allegations set forth in paragraphs One (1) through Twenty (20) as if fully rewritten herein.

22. On or about February 1, 1998, while in the care and custody of Defendants Cuyahoga County Sheriff's Deputies, Defendants, committed an assault on or about the person of Plaintiff, Gary Grinberg, whereby Defendants did strike Plaintiff, Gary Grinberg about his person causing injury.

23. The assault was malicious, intentional, wilful and without provocation, therefore, entitling Plaintiff to an award of punitive damages.

24. As a direct and proximate result of the aforementioned negligence and/or acts and/or failure to act of all the Defendants, Plaintiff has been injured and required to seek and obtain medical care and attention, incurring expenses as a result thereof, has lost wages and has suffered great physical pain, mental anguish and emotional distress, has been unable to engage in his usual activities, and with reasonable certainty will continue to require medical care and attention, incurring expenses as a result thereof, lose wages, and suffer great physical pain, mental anguish and emotional distress, and will continue to be unable to engage in his usual activities, all to his detriment.

## COUNT FIVE

25. Plaintiff realleges and reavers the allegations set forth in paragraphs One (1) through Twenty Four (24) as if fully rewritten herein.

26. Alternatively, Defendants Cuyahoga County Sheriff's Deputies negligently struck Plaintiff about his person at the date and location previously set forth in the within complaint.

27. As a direct and proximate result of the aforementioned negligence and/or acts and/or failure to act of all of the Defendants, Plaintiff has been injured and required to seek and obtain medical care and attention, incurring expenses as a result thereof, has lost wages and has suffered great physical pain, mental anguish and emotional distress,

has been unable to engage in his usual activities, and with reasonable certainty will continue to require medical care and attention, incurring expenses as a result thereof, lose wages, and suffer great physical pain, mental anguish and emotional distress, and will continue to be unable to engage in his usual activities, all to his detriment.

## COUNT SIX

28. Plaintiff realleges and reavers the allegations set forth in paragraphs One (1) through Twenty Seven (27) as if fully rewritten herein.

29. On or about February 1, 1998, Plaintiff, Gary Grinberg was a passenger in an automobile designed, manufactured, assembled, distributed, tested, marketed, supplied and/or sold by Defendant Ford Motor Company, when, without fault of his own, the automobile's rear door opened and/or malfunctioned causing Plaintiff to fall from the automobile causing severe injuries to Plaintiff's person.

30. The negligence of Defendant Ford Motor Company in the designing, manufacturing, assembling, distributing, testing, marketing, supplying and/or selling of said automobile caused Plaintiff's injuries.

31. As a direct and proximate result of the aforementioned negligence and/or acts and/or failure to act of all of Defendant Ford Motor Company, Plaintiff Gary Grinberg has been injured and required to seek and obtain additional medical care and attention, incurring expenses as a result thereof, has lost wages and has suffered great physical pain, mental anguish and emotional distress, has been unable to engage in his usual activities, and with reasonable certainty will continue to require medical care attention, incurring expenses as a result thereof, lose wages, and suffer great physical pain, mental anguish and emotional distress, and will continue to be unable to engage in his usual activities, all to his detriment.

### COUNT SEVEN

32. Plaintiff realleges and reavers each and every allegation contained in Paragraphs One (1) through Thirty One (31) as if fully rewritten herein and expressly made part hereof.

33. Defendant Ford Motor Company, manufactured, tested, marketed, supplied, designed, assembled and/or sold the automobile in an unreasonably dangerous condition, thereby rendering Defendant Ford Motor Company strictly liable to Plaintiff for the proximately resulting physical harm, as previously averred.

### COUNT EIGHT

34. Plaintiff realleges and reavers each and every allegation contained in Paragraphs One (1) through Thirty Three (33) as if fully rewritten herein and expressly made part hereof.

35. Defendant Ford Motor Company impliedly warranted that the automobile was fit for ordinary purposes for which it was to be used. Said automobile was not fit for ordinary purposes for which the product was to be used.

36. As the direct and proximate result of Defendant Ford Motor Company breach of implied warranty Plaintiff Gary Grinberg suffered physical harm, as previously averred.

### COUNT NINE

37. Plaintiff realleges and reavers each and every allegation contained in Paragraphs One (1) through Thirty Six (36) as if fully rewritten herein and expressly made part hereof.

38. At the time of placing said automobile on the market, the Defendant could foresee that the automobile would be used without inspection for defects, and, by placing the automobile on the market, Defendant Ford Motor Company, represented that the automobile would safely perform the function for which it was intended, and that the automobile was of merchantable quality, fit for its ordinary use, and that it was fit for its particular use.

39. Said automobile was unsafe, not fit for its particular or intended use, and not of merchantable quality. By reason thereof, but not by way of limitation, the automobile was defectively and inadequately designed and manufactured.

40. This Defendant knew or should have known that the ultimate user would not have had notice of the defect of the automobile, making it unsafe for its particular or intended use.

41. The automobile defectively, inadequately and/or negligently tested and inspected by Defendant Ford Motor Company before placing the automobile on the market.

42. As the direct and proximate result of Defendant Ford Motor Company's breaches of merchantability, warranty and/or ordinary use and/or warranty of particular use, Plaintiff Gary Grinberg suffered injuries, as previously averred herein.

### COUNT TEN

43. Plaintiff realleges and reavers each and every allegation contained in Paragraphs One (1) through Forty Two (42) as if fully rewritten herein and expressly made part hereof.

44. Defendant Ford Motor Company, designed, manufactured, assembled, distributed, tested, marketed, supplied and sold the automobile and same was sold to Defendant, Cuyahoga County Sheriff's Department.

45. Said automobile was expected to and did reach Plaintiff without substantial change in the condition in which it was sold.

46. On or about February 1, 1998, Defendant, Cuyahoga County Sheriff's Department was using said automobile for the purpose for which Defendant purchased it. While using said automobile the rear door malfunctioned causing Plaintiff to suffer severe and substantial injuries to his body. At the time, Plaintiff was unaware of any defect in the automobile and was unaware of any such dangers that would result from its use.

47. Such defects were not readily apparent to the Plaintiff who, lacking the technical knowledge and skill required to evaluate the safety of such a device, relied on the Defendant to deliver the automobile at the time of sale and/or resale in a condition fit for the purpose intended.

48. Such defective design of the automobile was the proximate cause of injuries sustained by Plaintiff as previously averred.

## COUNT ELEVEN

49. Plaintiff realleges and reavers each and every allegation contained in Paragraphs One (1) through Forty Eight (48) as if fully rewritten herein and expressly made part hereof.

50. Defendant Ford Motor Company knew or had reason to know that said automobile was dangerous for the use for which it was supplied and had no reasons to

believe Plaintiff, or any other for whose use the automobile was supplied, would realize the existence of the dangerous condition.

51. Defendant Ford Motor Company had a duty to exercise reasonable care to inform Plaintiff and other users of the automobile of its dangerous condition or of the facts which made it likely to be dangerous.

52. Defendant Ford Motor Company's failure to inform users of the automobile's dangerous condition directly and proximately caused Plaintiff's injuries as previously averred.

## COUNT TWELVE

53. Plaintiff realleges and reavers each and every allegation contained in Paragraphs One (1) through Fifty (50) as if fully rewritten herein and expressly made part hereof.

54. Defendant Ford Motor Company manufactured automobile under a plan or design which made it dangerous for its intended purpose.

55. As a manufacturer, Defendant Ford Motor Company, was under a duty to exercise reasonable care in adopting a safe design of the batteries and/or device manufactured, distributed, designed, assembled, distributed, tested, marketed and sold to the public as ultimate users.

56. Defendant Ford Motor Company, by supplying automobile designed, manufactured, distributed, assembled, distributed, rebuilt, tested, marketed and sold in such an unsafe manner, directly and proximately caused Plaintiff's injuries as previously averred.

## COUNT THIRTEEN

57. Plaintiff realleges and reavers each and every allegation contained in Paragraphs One (1) through Fifty Six (56) as if fully rewritten herein and expressly made part hereof.

58. The automobile was defectively manufactured and/or constructed by Defendant pursuant to O.R.C. §2307.74.

59. As a direct and proximate result of the aforementioned negligence and/or acts and/or failure to act of all of the Defendants, Plaintiff Gary Grinberg has been injured and required to seek and obtain additional medical care and attention, incurring expenses as a result thereof, has lost wages and has suffered great physical pain, mental anguish and emotional distress, has been unable to engage in his usual activities, and with reasonable certainty will continue to require medical care attention, incurring expenses as a result thereof, lose wages, and suffer great physical pain, mental anguish and emotional distress, and will continue to be unable to engage in his usual activities, all to his detriment.

## COUNT FOURTEEN

60. Plaintiff realleges and reavers each and every allegation contained in Paragraphs One (1) through Fifty Nine (59) as if fully rewritten herein and expressly made part hereof.

61. The automobile was defectively designed or formulated by Defendant Ford Motor Company pursuant to O.R.C. §2307.75.

62. As a direct and proximate result of the aforementioned negligence and/or acts and/or failure to act of all of the Defendants, Plaintiff Gary Grinberg has been injured and required to seek and obtain additional medical care and attention, incurring

expenses as a result thereof, has lost wages and has suffered great physical pain, mental anguish and emotional distress, has been unable to engage in his usual activities, and with reasonable certainty will continue to require medical care attention, incurring expenses as a result thereof, lose wages, and suffer great physical pain, mental anguish and emotional distress, and will continue to be unable to engage in his usual activities, all to his detriment.

## COUNT FIFTEEN

63. Plaintiff realleges and reavers each and every allegation contained in Paragraphs One (1) through Sixty Two (62) as if fully rewritten herein and expressly made part hereof.

64. The automobile was defective due to inadequate warning by Defendant Ford Motor Company pursuant to O.R.C. §2307.76.

65. As a direct and proximate result of the aforementioned negligence and/or acts and/or failure to act of all of the Defendants, Plaintiff Gary Grinberg has been injured and required to seek and obtain additional medical care and attention, incurring expenses as a result thereof, has lost wages and has suffered great physical pain, mental anguish and emotional distress, has been unable to engage in his usual activities, and with reasonable certainty will continue to require medical care attention, incurring expenses as a result thereof, lose wages, and suffer great physical pain, mental anguish and emotional distress, and will continue to be unable to engage in his usual activities, all to his detriment.

## COUNT SIXTEEN

66. Plaintiff realleges and reavers each and every allegation contained in Paragraphs One (1) through Sixty Five (65) as if fully rewritten herein and expressly made part hereof.

67. In the alternative, Defendant Cuyahoga County Sheriff's Department negligently modified the locking mechanism of the door that Plaintiff fell from.

68. As a direct and proximate result of the aforementioned negligence and/or acts and/or failure to act of all of the Defendants, Plaintiff Gary Grinberg has been injured and required to seek and obtain additional medical care and attention, incurring expenses as a result thereof, has lost wages and has suffered great physical pain, mental anguish and emotional distress, has been unable to engage in his usual activities, and with reasonable certainty will continue to require medical care attention, incurring expenses as a result thereof, lose wages, and suffer great physical pain, mental anguish and emotional distress, and will continue to be unable to engage in his usual activities, all to his detriment.

WHEREFORE, Plaintiff urges this Court to grant the following relief on all counts:

A. Grant the Plaintiff and against the Defendants, jointly and severally, compensatory damages in the amount of Five Hundred Thousand Dollars ($500,000.00) and punitive and exemplary damages in the amount of Five Million Dollars ($5,000,000.00), along with all other relief and costs as expressly provided by statute;

B. Grant any additional relief the Court deems just and equitable.

_____
GARY GRINBERG            PRO SE
886 South Green Rd - Apt 4
South Euclid Ohio 44121
(216) 382-0458

## JURY DEMAND

Plaintiff, Gary Grinberg hereby demands that each and every issue of fact contained herein be tried to a jury.

_____
GARY GRINBERG